UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

```
* * * * * * * * * * * * * * * * * * * * * * * *
ELAINE L. CHAO, Secretary of Labor,           *
United States Department of Labor,            *
                                              *
              Plaintiff,                      *
                                              *
                                              *        CIVIL ACTION
       v.                                     *
                                              *        FILE NO.
                                              *
WESTON RACQUET CLUB, INC.                     *
     and RICHARD TRANT                        *
                                              *
              Defendants.                     *
* * * * * * * * * * * * * * * * * * * * * * * *
```

Bowler MJ
05 - 11685 NG

RECEIPT # _____
AMOUNT $ NFA
SUMMONS ISSUED ✓
LOCAL RULE 4.1 ___
WAIVER FORM ___
MCF ISSUED ___
BY DPTY. CLK. ___
DATE 8/15/05

## COMPLAINT

Plaintiff brings this action to enjoin defendants from violating the provisions of section 7 of the Fair Labor Standards Act of 1938, as amended (29 USC §201, *et seq.*), hereinafter called the Act, and to recover unpaid wages and liquidated damages pursuant to the provisions of sections 15 (a) (2) and 16 (c) of the Act.

I.

Jurisdiction of this action is conferred upon the Court by section 17 of the Act and by 28 USC § 1345.

II.

Defendant Weston Racquet Club, Inc. is, and at all times hereinafter mentioned was, a corporation having a place of business at 132 West Street, Waltham, Massachusetts within the jurisdiction of this Court and is now, and at all times hereinafter mentioned was, engaged at that place of business, and elsewhere, in the operation of a commercial tennis club.

III.

Defendant Richard Trant maintains an office and operates a business at 132 West Street, Waltham, Massachusetts, within the jurisdiction of this Court and is now, and at all times hereinafter mentioned was, president and principal owner and operating officer of the aforesaid corporation and as such actively manages, supervises and directs the business affairs and operations of said corporation. This defendant has acted at all times material herein directly and indirectly in the interest of said corporation in relation to its employees and was, and is, therefore, an employer of said employees within the meaning of the Act.

IV.

Defendants are, and at all times hereinafter mentioned were, engaged in related activities performed through unified operation or common control for a common business purpose, and they are, and at all times hereinafter mentioned were, an enterprise within the meaning of section 3(r) of the Act.

V.

At all times hereinafter mentioned, defendants employed employees in the activities of said enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce. Said enterprise, at all times hereinafter mentioned, has had an annual gross volume of sales made or business done in an amount not less than $500,000.00. Therefore, the said employees have been employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s).

VI.

Defendants have willfully and repeatedly violated and are violating the provisions of sections 7 and 15(a)(2) of the Act by employing employees for workweeks longer than forty (40) hours without compensating them for their employment in excess of forty (40) hours in said workweeks, at rates not less than one and one-half times the regular rate at which they were employed.

VII.

During the period since April 1, 2001 defendants have willfully and repeatedly violated and are violating the aforesaid provision of the Act, as alleged, and a judgment enjoining such violation is expressly authorized by section 17 of the Act.

WHEREFORE, cause having been shown, plaintiff prays judgment permanently enjoining and restraining defendants, their agents, servants, employees, and those persons in active concert or participation with them, or acting in their interest and behalf, from violating the provisions of section 7 of the Act, and costs.

VIII.

During the period since April 1, 2001, defendants have willfully and repeatedly violated and are violating the aforesaid provision of the Act. An award of actual and liquidated damages is specifically authorized by section 16(c) of the Act.

WHEREFORE, cause having been shown, plaintiff demands judgment ordering payment of unpaid wages found by the Court to be due the employees listed in attached Exhibit "A" plus an equal amount as liquidated damages, and costs.

Post Office Address:

U.S. Department of Labor
Office of the Solicitor
JFK Federal Bldg., Room E-375
Boston, MA  02203
TEL:  617-565-2500
FAX:  617-565-2142

Howard M. Radzely
Solicitor of Labor

Frank V. McDermott, Jr.
Regional Solicitor

_____
John S. Casler
Deputy Regional Solicitor
BBO #078060

U.S. Department of Labor
Attorneys for Plaintiff

EXHIBIT "A"   (Page 1 of 2)

Aguayo, Elieser

Bowden Mackeil, Laura

Brezinsky, Kristen

Brunner, Gabrielle

Carroll, Crystal

Chen, Joy

Copponi, Ronald

Falzarano, Mary Ellen

Ferrari, Michael

Hauck, Abigail

Hunnewell, Oakes

Juliano, Terri

Katz, Ana

Kavanaugh, Loretta

Kramer, Colleen

Kunkel, Barbara

Lohr, Ross

Lorenz, Chris

Maguire, Laurel

Mayerhoeffer, Nicholas

McCarthy, Michael

Moore, Peter

EXHIBIT "A"   (Page 2 of 2)

Orlando, Paul

Pierce, Juliette

Rood, Sally

Shriber, Joshua

Sizemore, Matt

Smith, Jacque

Townsend, Dave

Vissers, Maarten

Williams, Wayne

TOTAL:

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1.  Title of case (name of first party on each side only)
    CHAO V. WESTON RACQUET CLUB, INC. ET AL

2.  Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

    ___  I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    _X_  II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,        *Also complete AO 120 or AO 121
               740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.           for patent, trademark or copyright cases

    ___  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
               315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
               380, 385, 450, 891.

    ___  IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
               690, 810, 861-865, 870, 871, 875, 900.

    ___  V.    150, 152, 153.

3.  Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4.  Has a prior action between the same parties and based on the same claim ever been filed in this court?
                                                                YES ☐        NO  X

5.  Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?  (See 28 USC §2403)
                                                                YES ☐        NO  X
    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
                                                                YES ☐        NO  X

6.  Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
                                                                YES ☐        NO  X

7.  Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
                                                                YES  X       NO  ☐

    A.  If yes, in which division do all of the non-governmental parties reside?
        Eastern Division  X        Central Division  ☐        Western Division  ☐

    B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
        Eastern Division  ☐        Central Division  ☐        Western Division  ☐

8.  If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
                                                                YES ☐        NO  ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME ___John S. Casler, Esquire___
ADDRESS _JFK Federal Bldg., Room E-375, Boston, MA 02203_
TELEPHONE NO. ___617-565-2500___

(CategoryForm[1].wpd - 10/17/02)

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
ELAINE L. CHAO, Secretary of Labor,
United States Department of Labor

### DEFENDANTS
WESTON RACQUET CLUB, INC. and
RICHARD TRANT

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Middlesex
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
John S. Casler, U.S. Dept. of Labor, Office of the Solicitor
JFK Federal Bldg., Rm. E-375, Boston, MA 02203 - Tel: 617-565-2500

Attorneys (If Known)
Patrick J. Bannon, Gadsby Hannah LLP
225 Franklin St., Boston, MA 02203

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
[X] 1 U.S. Government Plaintiff
[ ] 2 U.S. Government Defendant
[ ] 3 Federal Question (U.S. Government Not a Party)
[ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 362 Personal Injury - Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 365 Personal Injury - Product Liability | | PROPERTY RIGHTS | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 320 Assault, Libel & Slander | [ ] 630 Liquor Laws | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 640 R.R. & Truck | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 330 Federal Employers' Liability | [ ] 650 Airline Regs. | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| | [ ] 340 Marine | [ ] 660 Occupational Safety/Health | | [ ] 490 Cable/Sat TV |
| | PERSONAL PROPERTY | [ ] 690 Other | | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 345 Marine Product Liability / [ ] 370 Other Fraud | LABOR | SOCIAL SECURITY | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 160 Stockholders' Suits | [ ] 350 Motor Vehicle / [ ] 371 Truth in Lending | [X] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 190 Other Contract | [ ] 355 Motor Vehicle Product Liability / [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury / [ ] 385 Property Damage Product Liability | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 196 Franchise | | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | FEDERAL TAX SUITS | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 442 Employment | | [ ] 790 Other Labor Litigation / [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 894 Energy Allocation Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | Habeas Corpus: | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | | [ ] 530 General | [ ] 871 IRS—Third Party 26 USC 7609 | |
| [ ] 245 Tort Product Liability | [ ] 444 Welfare | [ ] 535 Death Penalty | | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 445 Amer. w/Disabilities - Employment | [ ] 540 Mandamus & Other | | |
| | [ ] 446 Amer. w/Disabilities - Other | [ ] 550 Civil Rights | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 440 Other Civil Rights | [ ] 555 Prison Condition | | |

## V. ORIGIN (Place an "X" in One Box Only)
[X] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from another district (specify)
[ ] 6 Multidistrict Litigation
[ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Fair Labor Standards Act of 1938 as amended (29 U.S.C. §201 et seq.)
Brief description of cause:
to recover unpaid wages and liquidated damages pursuant to the provisions of §15(a)(2) and 16(c)

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [X] No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 8/10/05
SIGNATURE OF ATTORNEY OF RECORD /s/

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

```
* * * * * * * * * * * * * * * * * * * * * * * * *
ELAINE L. CHAO, Secretary of Labor,      *
United States Department of Labor,       *
                                         *
            Plaintiff,                   *
                                         *
                                         *   CIVIL ACTION  05cv 11685 NG
    v.                                   *
                                         *   FILE NO.
WESTON RACQUET CLUB, INC.                *
    and RICHARD TRANT,                   *
                                         *
            Defendants.                  *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

## JUDGMENT

Plaintiff has filed a complaint and the defendants have appeared, received a copy thereof, and waived service of process. Defendants, without admitting the allegations of the complaint and as a result of a negotiated settlement, having consented to the entry of this judgment,

It is, therefore, ORDERED, ADJUDGED and DECREED that defendants, their agents, servants, employees, and all persons acting or claiming to act in their behalf and interest be, and they hereby are, permanently enjoined and restrained from violating the provisions of the Fair Labor Standards Act, as amended (29 USC 201 et seq.), hereinafter referred to as the Act, in any of the following manners:

Defendants shall not, contrary to sections 7 and 15(a)(2) of the Act, employ any employees who in any workweek are engaged in commerce or in the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks longer than forty hours,

unless such employee receives compensation for his employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he is employed.

The defendants represent that they have been in compliance with the Act since October 2, 2004. In resolving the amount of back wages in this judgment, the plaintiff has relied on this representation, and, accordingly, the back wage provision of this judgment shall have no effect upon any back wages which may have accrued since that date.

The parties having agreed that the defendants shall pay compensation in the amount of $35,982, and shall further pay to plaintiff a civil money penalty in the amount of $13,897.15, it is further ORDERED, ADJUDGED and DECREED that the defendants are restrained from withholding payment of said compensation and said civil money penalty.

The back wage provisions of this judgment shall be deemed satisfied when the defendant deliver to the persons listed in "Exhibit A" attached hereto the respective sums set opposite their names, less deductions for each employee's share of social security and withholding taxes, pursuant to the installment plan attached hereto as "Exhibit B".

The defendant shall further provide plaintiff with a copy of the payroll or a copy of the checks used to disburse each installment and a statement attesting to the fact that such payment has been made.

Any back wage checks which cannot be distributed to the employees named in "Exhibit A", or to their estates if that be necessary because of inability of the parties to locate the proper persons, or because of such persons' refusal to accept such sums, shall be redrafted to be made payable to both the employee and "Wage and Hour Division - Labor" as <u>alternative</u> payees. Such checks shall then be forwarded immediately to plaintiff. When recovered wages have not been claimed by the employee within three years, the Secretary of Labor shall deposit them into the United States Treasury as miscellaneous receipts, pursuant to 29 USC 216(c).

Defendants shall not, under any circumstances, accept and keep any amount returned by any person paid compensation under this judgment. Any such amount shall be immediately paid to the plaintiff as above.

It is further ORDERED, ADJUDGED and DECREED that each party bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding.

Dated _____

_____
United States District Judge

Without admitting the allegations of the Complaint, and as a result of a negotiated settlement, Defendants consent to the entry of this Judgment.

By *[signature]* President
Western Racquet & Clee b clu

Plaintiff moves for entry of this judgment:

Howard M. Radzely
Solicitor of Labor

*[signature]*
Frank V. McDermott, Jr.
Regional Solicitor

*[signature]*
John S. Casler
Deputy Regional Solicitor
BBO# 078060

U.S. Department of Labor
Attorneys for Plaintiff

EXHIBIT "A"   (Page 1 of 2)

| Name | Amount |
|---|---|
| Aguayo, Elieser | $ 254.61 |
| Bowden Mackeil, Laura | $1,708.77 |
| Brezinsky, Kristen | $ 632.56 |
| Brunner, Gabrielle | $3,119.09 |
| Carroll, Crystal | $1,570.13 |
| Chen, Joy | $5,543.75 |
| Copponi, Ronald | $ 505.37 |
| Falzarano, Mary Ellen | $ 438.41 |
| Ferrari, Michael | $ 87.50 |
| Hauck, Abigail | $ 84.32 |
| Hunnewell, Oakes | $ 85.29 |
| Juliano, Terri | $4,300.38 |
| Katz, Ana | $ 50.96 |
| Kavanaugh, Loretta | $ 28.25 |
| Kramer, Colleen | $ 405.69 |
| Kunkel, Barbara | $ 701.68 |
| Lohr, Ross | $ 47.12 |
| Lorenz, Chris | $4,042.74 |
| Maguire, Laurel | $ 727.76 |
| Mayerhoeffer, Nicholas | $ 47.09 |
| McCarthy, Michael | $ 142.58 |
| Moore, Peter | $ 657.70 |

EXHIBIT "A"   (Page 2 of 2)

| Name | Amount |
|---|---|
| Orlando, Paul | $ 124.21 |
| Pierce, Juliette | $ 89.15 |
| Rood, Sally | $1,764.93 |
| Shriber, Joshua | $1,135.55 |
| Sizemore, Matt | $ 725.87 |
| Smith, Jacque | $ 221.87 |
| Townsend, Dave | $ 61.61 |
| Vissers, Maarten | $1,467.83 |
| Williams, Wayne | $5,209.23 |
| TOTAL: | $35,982.00 |

EXHIBIT B

Weston Racquet Club, Inc.

Installment Schedule

Due on or
before July 31, 2005

Due on or
before August 31, 2005

Due in ten equal monthly installmer s
commencing September 30, 2005
To include interest on outstanding ba  nce
at rate of 1 % per annum from July  ,  005

| | | | | | |
|---|---|---|---|---|---|
| Aguayo | $254.61 | Brezinski | $632.56 | Bowden Mackeil | $1,708.77 |
| Copponi | $505.37 | Kunkel | $701.68 | Brunner | $3,119.09 |
| Falzarano | $438.41 | Maguire | $727.76 | Carroll | $1,570.13 |
| Ferrari | $87.50 | Moore | $657.70 | Chen | $5,543.75 |
| Hauck | $84.32 | Sizemore | $725.87 | Juliano | $4,300.38 |
| Hunnewell | $85.29 | | | Lorenz | $4,042.74 |
| Katz | $50.96 | | | Rood | $1,764.93 |
| Kavanaugh | $28.25 | | | Shriber | $1,135.55 |
| Kramer | $405.69 | | | Vissers | $1,467.83 |
| Lohr | $47.12 | | | Williams | $5,209.23 |
| Mayerhoeffer | $47.09 | | | | |
| McCarthy | $142.58 | | | | |
| Orlando | $124.21 | | | | |
| Pierce | $89.15 | | | | |
| Smith | $221.87 | | | | |
| Townsend | $61.61 | | | | |