# UNITED STATES DISTRICT COURT

## FOR THE

## DISTRICT OF MASSACHUSETTS

```
* * * * * * * * * * * * * * * * * * * * * * * *
ELAINE L. CHAO, Secretary of Labor,    *
United States Department of Labor,     *
                                       *
            Plaintiff,                 *
                                       *
                                       *    CIVIL ACTION  05cv 11685NG
      v.                               *
                                       *    FILE NO.
WESTON RACQUET CLUB, INC.              *
  and RICHARD TRANT,                   *
                                       *
            Defendants.                *
* * * * * * * * * * * * * * * * * * * * * * * *
```

### JUDGMENT

Plaintiff has filed a complaint and the defendants have appeared, received a copy thereof, and waived service of process. Defendants, without admitting the allegations of the complaint, and as a result of a negotiated settlement, having consented to the entry of this judgment,

It is, therefore, ORDERED, ADJUDGED and DECREED that defendants, their agents, servants, employees, and all persons acting or claiming to act in their behalf and interest be, and they hereby are, permanently enjoined and restrained from violating the provisions of the Fair Labor Standards Act, as amended (29 USC 201 et seq.), hereinafter referred to as the Act, in any of the following manners:

Defendants shall not, contrary to sections 7 and 15(a)(2) of the Act, employ any employees who in any workweek are engaged in commerce or in the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks longer than forty hours,

unless such employee receives compensation for his employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he is employed.

The defendants represent that they have been in compliance with the Act since October 2, 2004. In resolving the amount of back wages in this judgment, the plaintiff has relied on this representation, and, accordingly, the back wage provision of this judgment shall have no effect upon any back wages which may have accrued since that date.

The parties having agreed that the defendants shall pay compensation in the amount of $35,982, and shall further pay to plaintiff a civil money penalty in the amount of $13,897.15, it is further ORDERED, ADJUDGED and DECREED that the defendants are restrained from withholding payment of said compensation and said civil money penalty.

The back wage provisions of this judgment shall be deemed satisfied when the defendant deliver to the persons listed in "Exhibit A" attached hereto the respective sums set opposite their names, less deductions for each employee's share of social security and withholding taxes, pursuant to the installment plan attached hereto as "Exhibit B".

The defendant shall further provide plaintiff with a copy of the payroll or a copy of the checks used to disburse each installment and a statement attesting to the fact that such payment has been made.

Any back wage checks which cannot be distributed to the employees named in "Exhibit A", or to their estates if that be necessary because of inability of the parties to locate the proper persons, or because of such persons' refusal to accept such sums, shall be redrafted to be made payable to both the employee and "Wage and Hour Division - Labor" as alternative payees. Such checks shall then be forwarded immediately to plaintiff. When recovered wages have not been claimed by the employee within three years, the Secretary of Labor shall deposit them into the United States Treasury as miscellaneous receipts, pursuant to 29 USC 216(c).

Defendants shall not, under any circumstances, accept and keep any amount returned to by any person paid compensation under this judgment. Any such amount shall be immediately paid to the plaintiff as above.

It is further ORDERED, ADJUDGED and DECREED that each party bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding.

Dated _Oct · 6, 2005_

_____
United States District Judge

| | |
|---|---|
| Without admitting the allegations of the Complaint, and as a result of a negotiated settlement, Defendants consent to the entry of this Judgment. | Plaintiff moves for entry of this judgment: |

By _____

_President, Clerk_

Howard M. Radzely
Solicitor of Labor

_____
Frank V. McDermott, Jr.
Regional Solicitor

_____
John S. Casler
Deputy Regional Solicitor
BBO# 078060

U.S. Department of Labor
Attorneys for Plaintiff

EXHIBIT "A"    (Page 1 of 2)

| | |
|---|---|
| Aguayo, Elieser | $ 254.61 |
| Bowden Mackeil, Laura | $1,708.77 |
| Brezinsky, Kristen | $ 632.56 |
| Brunner, Gabrielle | $3,119.09 |
| Carroll, Crystal | $1,570.13 |
| Chen, Joy | $5,543.75 |
| Copponi, Ronald | $ 505.37 |
| Falzarano, Mary Ellen | $ 438.41 |
| Ferrari, Michael | $ 87.50 |
| Hauck, Abigail | $ 84.32 |
| Hunnewell, Oakes | $ 85.29 |
| Juliano, Terri | $4,300.38 |
| Katz, Ana | $ 50.96 |
| Kavanaugh, Loretta | $ 28.25 |
| Kramer, Colleen | $ 405.69 |
| Kunkel, Barbara | $ 701.68 |
| Lohr, Ross | $ 47.12 |
| Lorenz, Chris | $4,042.74 |
| Maguire, Laurel | $ 727.76 |
| Mayerhoeffer, Nicholas | $ 47.09 |
| McCarthy, Michael | $ 142.58 |
| Moore, Peter | $ 657.70 |

EXHIBIT "A"    (Page 2 of 2)

| | |
|---|---|
| Orlando, Paul | $ 124.21 |
| Pierce, Juliette | $ 89.15 |
| Rood, Sally | $1,764.93 |
| Shriber, Joshua | $1,135.55 |
| Sizemore, Matt | $ 725.87 |
| Smith, Jacque | $ 221.87 |
| Townsend, Dave | $ 61.61 |
| Vissers, Maarten | $1,467.83 |
| Williams, Wayne | $5,209.23 |
| TOTAL: | $35,982.00 |

EXHIBIT B

Weston Racquet Club, Inc.

Installment Schedule

Due on or
before July 31, 2005

Due on or
before August 31, 2005

Due in ten equal monthly installments
commencing September 30, 2005
To include interest on outstanding balance
at rate of 1 % per annum from July 1, 2005

| | | | | | |
|---|---|---|---|---|---|
| Aguayo | $254.61 | Brezinski | $632.56 | Bowden Mackeil | $1,708.77 |
| Copponi | $505.37 | Kunkel | $701.68 | Brunner | $3,119.09 |
| Falzarano | $438.41 | Maguire | $727.76 | Carroll | $1,570.13 |
| Ferrari | $87.50 | Moore | $657.70 | Chen | $5,543.75 |
| Hauck | $84.32 | Sizemore | $725.87 | Juliano | $4,300.38 |
| Hunnewell | $85.29 | | | Lorenz | $4,042.74 |
| Katz | $50.96 | | | Rood | $1,764.93 |
| Kavanaugh | $28.25 | | | Shriber | $1,135.55 |
| Kramer | $405.69 | | | Vissers | $1,467.83 |
| Lohr | $47.12 | | | Williams | $5,209.23 |
| Mayerhoeffer | $47.09 | | | | |
| McCarthy | $142.58 | | | | |
| Orlando | $124.21 | | | | |
| Pierce | $89.15 | | | | |
| Smith | $221.87 | | | | |
| Townsend | $61.61 | | | | |